**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JERRY E. DUCKWORTH**                                                                 **PLAINTIFF**

**v.**                                                **CASE NO. 4:05-CV-1216**

**KROGER**                                                                                   **DEFENDANT**

**ORDER**

Presently before the Court is the Defendant's Motion for Summary Judgment. Defendant

filed a statement of material facts on June 20, 2006. (Dkt. #32). Plaintiff filed no response to the

Motion for Summary Judgment and failed to controvert the statement of material facts. Accordingly,

pursuant to Local Rule 56.1(c), all material facts set forth in the Defendant's statement are

uncontroverted and deemed admitted.

**I.      Background**

Plaintiff Jerry Duckworth was employed by Defendant Kroger as a bagger at its store in Little

Rock, Arkansas. On January 24, 2005, a Kroger customer asked Plaintiff to walk her to her car. In

the parking lot, the customer asked Plaintiff for a kiss whereupon Plaintiff leaned over, put his arm

on her shoulder and accidentally touched her breast. Plaintiff then said to the customer, "Let's keep

it between us."

The customer's mother filed a complaint with Kroger regarding this incident between her

daughter and Plaintiff. The store manager, Kathy Brewer, held a meeting with Plaintiff to discuss

the incident. Present at the meeting was Tommy McElmurry, Marlene Fischer and Tony Dunnick.[1]

_____

[1] Mr. McElmurry and Ms. Fischer were Kroger employees. Mr. Dunnick was an
employee of Arkansas Enterprise for the Developmentally Disabled who had been assigned to act

At this meeting, Plaintiff admitted touching the customer's breast. At the conclusion of the meeting,

Ms. Brewer suspended Plaintiff's employment.

Plaintiff initiated this action on August 26, 2005, seeking damages for wrongful discharge

in violation of the Americans with Disabilities Act ("ADA").

## II.  Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most

favorable to the non-moving party, there is no genuine issue as to any material fact, so that the

dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.

1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in

determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment

motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

---

as a caregiver for Plaintiff.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e).  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

**III.  Discussion**

To establish a *prima facie* case of discriminatory discharge under the Americans with Disabilities Act ("ADA"), Plaintiff Duckworth must show that he: (i) is disabled as defined by the ADA; (ii) is qualified to perform the essential functions of his employment; and (iii) has suffered an adverse employment action because of his disability. *See*, *e.g.*, *Belk v. Southwestern Bell Telephone Co.*, 194 F.3d 946, 950 (8th Cir. 1999). Even if the Court presumes that Plaintiff has satisfied the first two elements of a *prima facie* case, Plaintiff has failed to make any showing that

his disability was a motivating factor in Defendant's decision to terminate his employment. Indeed, Plaintiff offers nothing other than his own belief that he was terminated because he was disabled.

Plaintiff had been an employee of Defendant since 1994. Plaintiff argues that Defendant's asserted reason for firing him was a pretext for discrimination. It is well established law that "a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993) (italics in original). It is clear from the undisputed facts and Plaintiff's own admission that he inappropriately touched a female customer. As Plaintiff was fired for this inappropriate conduct in violation of Defendant's policies, it is clear that Plaintiff cannot show that the reason for his termination was false. Accordingly, the Court concludes that Plaintiff has failed to satisfy his burden of proving discrimination in violation of the ADA, and that Defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED THAT the Defendant's Motion for Summary Judgment (Dkt. #30) shall be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT the Plaintiff's Motion for Reconsideration on the Order Denying Appointment of Counsel (Dkt. #28) and Second Motion to Appoint Counsel (Dkt. #33) shall be, and they are hereby, DENIED as moot.

Dated this 28th day of July, 2006.

_/s/ Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE